The next case is Homebuyers v. Janneck The next case is Homebuyers v. Janneck Good morning. May it please the court, Charles Curley for the appellants. The question before the court, and I realize I got a directive in a letter format from the clerk, so maybe I should jump in there unless the court would like to hear a little recitation of the facts. So the question before the court, from our perspective, is whether the arbitrator or the judge should properly decide whether or not my client... Well, I'm not sure that's the issue. This is like a little bit of an onion, but that the appeal that you just reeled off for us is way down near the center of it. Well, really there's an assumption issue, first of all, and you may or may not get to what you just said. Just see if I can back up for a second. What we've got here is there was a case, a builder built a home. The people who come into the home claim that there's mold in the basement. And in fact, someone says that indeed there is mold. They go after the builder in an arbitration. They win the arbitration, and therefore the law of the case is that there is mold in the basement that needs to be remediated. The builder doesn't do anything about it. Maybe it's financial problems. I'm not sure. They then go after the administrator of the warranty program and its insurer. The insurer and the administrator ask for arbitration. Is that correct? Most of what you said is correct. Here's the one piece. They didn't go after the warranty service. They simply said, hey, warranty service. The builder hasn't complied with the arbitration award. So then, by contract, the warranty service, my client, stepped into the shoes of the builder and began the remediation process. And then they weren't happy with the remediation process. So then they file a, in state court, what, a personal injury claim? Among other counts, correct. Now, how, I realize I'm going to be working backwards because we're going to end up with the sole issue is whether there's two issues. Should there have been an abstention and should the matter have gone to arbitration and not on the merits? But how do you sue the plan or the warranty administrator and the insurer for a personal injury when the warranty itself says that personal injury under Section 6C is out of bounds? It's not included in this warranty. How do you sue them for personal injury? I would believe you cannot. I mean, that would be a defense in that case, Your Honor. Well, what is the, what was the theory you sued under? Yeah, what is it? Oh, Your Honor, I'm, I'm, I'm the warranty company. Okay, I apologize. Okay. That's quite all right. I'm screwed up. But I, I like what, don't like your question. The old softball, huh? Yeah, exactly. The, then the question, we'll just get back to the question here of arbitration. You want to address the why abstention here is, should not have been done by the court and why the court should have just merely sent it back for arbitration. Correct. And the abstention we think is fairly straightforward and easy in that if this court simply follows the Moses case, it should get us to the right spot. I believe, I can only suspect that the district court was not pleased with our petition. When I read it, there were two errors made, factual errors that may have prompted the decision. And that was one that the court believed that we were doing a backdoor. She thought you could remove it. You shouldn't try to remove it if that's what you want us to do. Well, I think the court may have thought you could remove it. The court may have thought you waited a long time, but as it turns out, while the complaint was filed in January, you were served when? In June? Correct. And then you filed when? In September? Correct. Okay. You also asked the court, and this is kind of surprising and it's dropped out of the briefs, but you asked the court to enjoin the state court, ask the federal court to enjoin the state court actions. And yet nobody in the briefs argues anything or mentions anything about the Anti-Injunction Act or the Orbitz Act. What year would allow a federal court to abstain to enjoin the state court? That was actually the third thing that I missed that I think the court couldn't quite ... The relief we asked for, and I think you can look at this and see that's accurate. The relief we asked for was simply that the state court action be state only as to my clients. But it's still an order in joining a state court. So maybe it's a little injunction, not a big one, but it's still an injunction. That's right. And typically, I've done this before, and typically you'll go back and say the court has held this, and then you have to submit it on motion papers to the state court judge who can either, I think under comedy principles, effectively can either agree or not agree. Is there something in the Federal Arbitration Act that allows us to go back and stay a state court action? If we say that under federal law, this should ... Actually, yeah. If we say that under federal law, this should be arbitrated. Is there something then under the Arbitration Act that allows us to go to the state court and say, okay, now stop your state court action, hold it in abeyance? Not particularly, Judge. Okay, then it would be controlled by the anti-injunction of the All Rights Act. Let's go through the Colorado River factors, because you said it's a pretty clear shot for you. On the first factor, nobody assumed jurisdiction over any race. This is not that kind of an action. It's not an interim action, so that doesn't apply. Whether the federal form is less convenient to the parties, the second factor, my erstwhile court did a Google search, and according to great God Google, the courthouses, the federal courthouse and the state courthouse, are 16.5 miles apart, so that's not really a consideration. The third one is avoiding piecemeal litigation, and we know from other cases as well as Cohen that in and of itself, piecemeal litigation is not a concern. In fact, cases say that the Federal Arbitration Act contemplates piecemeal litigation. The fourth one, which is the only one really, which pretty strongly I think you can argue for, the order in which jurisdiction was obtained, but we're not talking about a big gap of time. We're talking about, especially given when you were served, maybe three or four months. The fifth factor, whether the source of governing law is state or federal, the Federal Arbitration Act obviously is federal law, but to the extent that the state court action is being brought up, as I understand it, for personal injuries and they're basically arguing negligence and breach of the contract, not under the buyer's warranty, and your colleague can correct me on this, but I think they're arguing in state court, a breach of the contract, that negligent performance, if you will, that the mediation that was performed was done negligently and that there were certain warranties implied or expressed, I don't know, that they're trying to get at there. So I'm not sure that the governing law here would even be federal. It looks like it's state law that would govern, but certainly for the governance or not, state law has a very large hand to play here. And the last factor is the adequacy of state court action to protect the federal rights of plaintiffs. And the federal right here is the right to arbitrate under the warranty vis-a-vis Section 4 of the Federal Arbitration Act. State court could certainly do that. You can go to state court and ask the state court to dismiss the complaints or to stay them pending arbitration and ask the state court to do exactly what you ask the federal court to do, order arbitration. So given each one of those six factors, that none of them really favors Colorado River abstention, one may arguably suggest abstention. That's the order of jurisdiction being obtained. How can you say that the court here should have abstained? Once again, yeah, I do think the court should not have abstained, it should have made a decision. But I don't know what my question is. I'm really out of it. You're out of the room. I know. I'm really seeing the bull. I believe I haven't said a word. I'll give you a bonus. Well, maybe you can take all my questions and turn them around and throw them back at me then. Do you have time for a rebuttal? I did. Oh, I'm sorry. I should have reserved three minutes for a rebuttal. Maybe a rebuttal. Yeah. Yeah. Thank you. Unless he wants to give you a rebuttal too now. You can stand up here and get bubbles or something. I know. I'd rather sit down and play catch. Shut up and keep up. I'm glad I'm not the only one who did that. That happens all the time. Good morning. Brian Blair of Skate Price, McCain, on behalf of the plaintiffs. Obviously, the first question is abstention here. And when I went back and I reread Moses Cone, which I hadn't read in a long time, although it's the watershed case that really seems to indicate a public policy, a sea change of public policy in the Supreme Court that, hey, any time we can arbitrate, we're going to arbitrate. And the federal court, Cone then says, be careful about abstention. You do it only in the extraordinary circumstance. What makes the circumstance extraordinary? Well, I would say that this case involves quite simply New Jersey parties in state court, New Jersey claims in state court. But why is that extraordinary? That's not extraordinary so far. Keep going. New Jersey home and an expectation that the remedies would be in state court. I mean, beyond that. Every diversity action we get, except for that last thing you just said, every diversity action that we get has those factors in it. I know you don't have diversity justice in here. The problem that you have is when you read this judgment order, on its face, it seems to make some sense. There's a parallel state action. Why should I get involved? Geez, I thought you guys waited a long time. It turns out it wasn't quite as long as the court thought. I'm just going to abstain. Then the court then went on and started opining about whether this issue was capable of being arbitrated, which I don't think the court should have done. But nonetheless, it doesn't make any difference to you. But when you go look at the case law, it's not a hill. It's a mountain to climb for you. And it seems as if... I would not bet you could get a single vote on the Supreme Court if this case were to go up. This is going to be arbitrated. Even though the position that you have makes some sense in the real world. I'm not knocking it. You tell me why we shouldn't just say, no, you can't allow abstention here. Federal court, you have jurisdiction. And you can't back away. Cohen says you can't back away. And you've got to take it. And you've got to decide whether there is to be arbitration. I think nothing beyond what's in the brief. But I do know, Judge, with all due respect, I think that in her order, Judge Hochberg also rendered a decision regarding... Well, that's true. That's confusing. Forgetting that, I don't know if I have the tools to climb a mountain to overcome abstention. I'm not going to sit here and make Phyllis Augustine call. Even though I have sympathy for your position, I don't think I have the tools either. I appreciate your candor, too. Just don't get mad. Let me ask this. I assume you've seen everybody in sight in state court. And I don't mean that pejoratively. I mean there are a lot of parties over there. The builders there, the developer. Yes, sir. The warranty company, the warranty administrator. Yes, sir. And the person, the company that did the remediation. I guess that wasn't the warranty company itself. The warranty company arranged for a contractor to come in and do the work. Precisely, sir. And who were they? Who came in and did the work? I don't know off the top of my head. I don't know off the top of my head who came. But we did not sue them. I think a party, ultimately a third party, did the case. But they weren't sued? No, we did not sue them directly. We sued John Lloyd, the builder, for defective building. And then the warranty company on a kind of a Picketts v. Lloyd bad faith claim. First party bad faith claim, I think is the better definition. Bad faith under warranty? Yes, sir. For failing to remediate properly. Coming into this, I was talking to my clerk. I thought you had a pretty easy case. I'm not sure you do anymore. Not on the abstention part of it, but on the substance of the duty to arbitrate. Well, here the Janics entered into a binding arbitration agreement that NHIC and HPW are now parties to, right? Sir, they entered into an agreement under the Under the warranty program. Under the warranty program for remedies covered by the warranty. And, okay. So, and they initially sought to arbitrate that there was mold, and they prevailed? Yes, sir. They sought to arbitrate the defective construction and received an award as to that defective construction. That warranty program specifically excludes any claims for bodily injuries, which is why those weren't arbitrated. But can you sue the administrator and the insurer only for under the warranty? You can sue them. Well, the suit we filed was for bad faith in failing to remediate, not under the warranty for failing to I thought the suit was a part for personal injury. Well, the duty to remediate arises from what? No, no, no. The suit is bad faith resulting in personal damages. In other words, they fixed the home, but the allegation is that they did not fix the home in a timely manner so as to be a proximate cause of personal injuries. You said bad faith. I'm trying to see where that's coming from. In other words, they didn't do it in a timely fashion so as to cause personal injury damages to the Janics. Timely measured by what? Well, that's the argument. Timely measured in a reasonable fashion. It was a delay of a couple of years. I mean, over time, I think the evidence would show that it took them a couple of years to fix the home. My clients were moved into a hotel for 40 years or so. And I don't want to misrepresent the facts of the court. As I said, I just got in the case. But they were moved into a hotel for some period of time. There were contractors that came out and then didn't come out. And there is the gravamen of the claim against the home buyer's warranty outside of the contract. But that's obviously what we're trying to get at. Yeah, exactly. Because the contract provides... What the contract basically says is you have a house built, you have a warranty that the stone is going to stand up, that the stairs aren't going to collapse. Now, let's suppose the stairs collapse and nothing stands up. We'll come in and we'll pay to fix the stairs. But if you get hurt walking up those stairs and they collapse, that's not covered under the warranty because that would be bodily injury. And therein lies the difference. Then you're saying because it took them a number of years, it's an indication of bad faith. Yes, ma'am. So it's also outside of the warranty. Yes, ma'am. That's the argument. And the negligence is the right... I assume that all of your contractual suit in state court arises not... At least you would argue that. It arises not on the basis of the contract and the covenants in the agreement of sale, but in the contract between the, as I said before, the contractor who came in to do the repairs after the initial arbitration proceeding and the way that work was performed. You're arguing in state court that that work was performed in a manner that was negligent and inconsistent with any kind of implied warranties arising out of your contract with the contractor after the arbitration? No, the claim against the builders that he did a defective construction, the claim against the warranty company, is unreasonable delay in remediating the property. In other words, the property is now done, it's now remediated, they're back in the home. Oh, it's to their satisfaction now? Yes, sir. Okay. So the claim is not to be too colloquial to home buyer's warranty. Hey, you had to fix this, you had to pay to fix this, and you took too long to pay to fix this, and during the delay, you know, people got sick. Well, if we get to the merits, why wouldn't what we're wrestling obviously with and what you want to argue is that your state action arises separately from your obligation to arbitrate and it comes under this clause at the top of page 3 of the agreement that says that the homeowner can pursue remedies other than arbitration. However, except for those other remedies bars your ability to pursue the same claim that's warranted. Why wouldn't that issue be something that should be decided by the arbitrator? Vis-a-vis home buyer's warranty? In other words, that issue as to home buyer's warranty? That's right. Once there's a duty to arbitrate, and there clearly is a duty to arbitrate something. Absolutely. Then the scope of that duty, why wouldn't that be something that would normally be resolved to the arbitrator? Because the remedies under the warranty don't apply to bodily injuries, so you're arbitrating something. Well, I have the question then, why doesn't the arbitrator decide that? If it's clear under the contract that the remedy doesn't apply to bodily injury, then the arbitrator could say, well then, you're not impeded with the remedy because I find that the action you're bringing, no matter how you tweak it, is still an action under the contract and under the warranty and you're suing for something that you contractually believe you're right to get. So you can fill bodily images in there and say that you're not within the warranty because you're suing for bodily injury, but the arbitrator finds that your suit is still under the warranty and therefore you're not entitled to the damages you're trying to get. Does that make sense of what I'm saying? No, I understand exactly what you're saying. I think one response would be, I think if you look at the warranty agreement, it talks about arbitration between the builder and the homeowner, which is what most of those cases talk about under the Act. In other words, not between the warranty company and the homeowner. The warranty company is the entity which provides the remedy. Right, but the warranty company steps into the shoes of the builder, doesn't it? And takes all the rights and liabilities. Basically, it's almost kind of a subrogation. Yes, sir. Okay. You're absolutely correct. I would say my response to you would be as to that which is provided under the warranty, which is not bodily injury. So I think that that arbitration clause doesn't encompass a scope of injury which is not contained within the warranty. No, it does. Clearly, that's what you're suing for and that's your argument. But basically, does what you're suing for now have as genesis in the claim that you have against the builder? Absolutely. Yes, sir. Or the basis is or stems from. And under our cases, it would seem that if that's the case, once you have a right to ask for arbitration, and they did ask for arbitration. So what makes this not arbitrable? You're saying because the warranty agreement excludes personal injuries.  That's why they didn't. But you're saying now to us that your suit was for bad faith and not fixing the mold and that one of the consequences of that was that there were injuries. Yes, sir. But in reality, can you sue? I guess you could, but isn't your real claim just to say to them, look, you didn't remediate it correctly, and therefore you have to remediate it now? But it's already been remediated. So it already has been remediated? Yes. The claim is, Your Honor, there's a case in New Jersey called Pickett's v. Lloyds, and without going off the top of my head, basically a guy had a car accident where his truck was damaged, and he went to his insurer and said, you've got to fix the truck. And the insurer said, yeah, we'll take care of it, we'll pay you, don't worry about it, and time elapsed. And he suffered damages as a result of their lapse in time of fixing the truck. He lost business, whatever, you know, suffered a certain amount of damages. That's tantamount to this action as to home buyer's warranty. As against Gloria, clearly it's a personal injury action as it proceeds. But as to home buyer's warranty, the Pickett's is tantamount to this action. That's the claim. She delayed, I don't want to be, again, too colloquial, but you fudged around and look what happened. And that's the claim. And your bad faith arises out of that, out of that delay? Yes, sir. Thank you, Mr. Lloyds. Thank you, sir. Panel, I reserve three minutes for rebuttal. I did not hear things that I feel compelled to respond to, but if the panel had questions for me, I'm perfectly happy to answer them. Go ahead. Do you think that your, assume for the moment that your client comes into this under a warranty? And the warranty specifically isn't a warranty as to bodily injury. However, in a case, and let's just take your client out of it, a person comes in, steps into the shoes of the builder who absconds, and starts getting into a fight with the homeowner and doesn't do the remediation of what has already been determined to be mold. And people get sick as a result of it. Can those plaintiffs, those homeowners in that case, sue the warrantor of the remediation when the remediation isn't done for personal injury? Under the facts you gave me, I assume there was no arbitration. Right, assume no arbitration. They still would not be able to sue the warranty company for things. Assume that the warranty company didn't act quickly enough. In other words, the warranty company, as Judge McKee says, in effect, for the purpose of doing the remediation, steps into the shoes of the builder because the builder, for some reason, won't do it or can't do it. And then the warranty company takes too long and people get sick. As a matter of, it just seems common sense that the warranty company could be sued if it took too long in doing the remediation. And that length of delay caused, was a significant factor in the illness. It would still be my contention, however, that you were required, that everything that the warranty company gives to the homeowner is contractual out of the warranty. And therefore, under the warranty, your remedy against the warranty company would be to arbitrate. And clearly, under those facts, the homeowner could arbitrate that dispute. Even if the contract said that the homeowner has the right to pursue remedies other than conciliation and arbitration, even if it said that? Yes, because I believe that the interpretation, and I know that the inquiry I got said, you know, talk about these other two cases. I believe where you'd end up with, you'd end up with that Oak Trail decision, which said you have a common law route of litigation and you can pursue that. But if you do, you're suing, you're also electing your party at that time. And so, there would be claims against the builder, against whomever, against the person who performed the repairs, perhaps. But as far as the warranty company, those claims belong in arbitration. Well, it does say, under the agreementally, the bold print, in accordance with the Act and regulations, the homeowners has the right to pursue remedies other than conciliation and arbitration. However, election of other remedies shall bar the homeowners from suing the same claim under this warranty. Right. So, in this hypothetical I gave you, wouldn't the homeowners have the right to go to litigation for personal injuries? And once they do that, then they couldn't make a warranty claim under the warranty. But they could still sue you for personal injury for not having remediated quickly enough. And that seems to be what Oak Trail says. Except that Oak Trail was a claim involving the warranty company, which Oak Trail said that the warranty company was dismissed from that action. Was not the proper party. Correct. Maybe we don't get there. But at this point, it seems like you have a right to arbitrate. I'm sorry. You have a right. There should not have been an abstention. I think that's conceded. And I agree with that. Then the question is, is there something that precludes arbitration? We'll have to take a look at that. Right. Thank you. Thank you. You're welcome. Can you come up to the bench for a second? Yeah, Joe, do you want to come up? Let's see. President Nicholson is alleviating our occasion. Let me see if I can try to resolve this thing. Could we just turn the mics off, is that possible? I don't think anybody did, but that's. Yeah, you can just turn them off. Hang on for one second. He's following you. Oh, okay. Oh, you haven't tried doing this. Don't give me your opinion. Do I? They're isolated. Okay. Do you think, and it's kind of ironic to try to mediate a case where the underlying issue is arbitration. I think I can help you with that. Are you aware, and you can speak to this, Brian, that the state case is ongoing, is my understanding. You're pretty far into it. And there have been offers. I'm not really involved in that. But there's offers from the governor, there's offers from that. And there's offers from the law. Because it seems like a lot of times we get cases and we think, well, really, why are we here? And this was one of them. Why are we here? I was like, oh, man. Have you dealt with this? Don't tell us who did not accept it. Okay. All right. Okay. All right. Is there a chance that further mediation might happen? I agree. Well, it could, but I can't speak. Yeah, we may not have everybody here. That's exactly right. You would have to agree to say we will mediate and get rid of just the warranty claim. You know what I mean? Let the warranty company in. Oh, but if everybody sits down with Joe, then there may be a way of figuring out who should be at the table, what the pie is, and what, if anything, is going to happen to wipe the pie out. Make it a settlement. We haven't tried enough cases. Yeah, especially if the state action could get wrapped up. I don't know if it can because you may not be able to get everybody over there to really come into mediation. That's right. That's the best case we've ever done. But they may agree to it. They may agree. I don't think it needs any more work. It just seems like there isn't a whole lot of law to be made of abstention. There may be some law in arbitration. With this arbitration clause, this is not the best case to make law in arbitration. We'll do it. It just seems like it makes more sense to try to get this thing resolved, if you can. Do you want to have us hold it for, like, 30 days? And let us know through the clerk's office. Just let Mr. Chairperson know. Okay, and then do a contact. Whoever, contact the parties in state. If you don't resolve it, just one way or the other, give us a staff report within 30 days. Thank you. Thank you for your candor. Thank you. Okay, thank you. Have you been here before, Mr. Lowery? You sound like this is your first time in our game before us. First time, I was just a miniskirt. Oh, wow, okay. Scrambled together. Okay. How did we do? You might want to reserve judgment on that until you see who wins. I appreciate that. Okay.